UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

FILED
FEB 10 2016
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAPID FIRE PROTECTION, INC., | \* | CIV 15-5065 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| JAMES BENSON, a/k/a "Buddy," | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

There are a variety of motions pending in this recently reassigned case.

Defendant moves to dismiss the case for lack of personal jurisdiction or in the alternative to transfer to the District of Wyoming. (Doc. 4). Plaintiff resists and the Affidavit of Matt Hammon (Doc. 11) in particular demonstrates that there is personal jurisdiction over the Defendant in this Court. In addition, there has been no good basis shown for transfer of the case to the District of Wyoming. The choice of law of the parties is Wyoming but the applicable law in Wyoming is not complex, even though it is somewhat different than substantive law on covenants not to compete in South Dakota. In Wyoming, it is not an all or nothing proposition as the Court can tailor the covenants if they are found to be unreasonable as stated. *Hopper v. All Pet Animal Clinic, Inc.*, 861 P.2d 531 (Wyo. 1993).

Defendant also moved to Stay Ruling on Motion to Remand and to Allow Defendant to Conduct Jurisdictional Discovery. (Doc. 13). The Motion was conditional, asking this Court to stay and allowing jurisdictional discovery only if the Court was not inclined to deny the Plaintiff's Motion to Remand. (Doc. 7). The Court does deny the Motion to Remand because the record does indicate an amount in controversy exceeding $75,000.00 and there is personal jurisdiction. Accordingly, the Motion to Stay (Doc. 13) is moot and is denied. The Plaintiff's Motion to Remand (Doc. 7) to State Court is also denied.

Plaintiff also made a Motion to Hold in Abeyance (Doc. 9) the Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer to the District of Wyoming, pending a

decision on Plaintiff's Motion to Remand. The Court just now denied Plaintiff's Motion to Remand (Doc. 7) so the Motion to Hold in Abeyance (Doc. 9) is moot and is denied.

The parties now know which Court they will be in and the law applicable to the case. The Motion to Dismiss having now been denied, Defendant must timely answer.

The Court directs that the parties then meet to see if agreement can be reached on a schedule to be suggested to the Court. If the parties cannot agree on a proposed schedule, then each should submit their own proposal to the Court. The Court will then enter a schedule for the case.

Accordingly,

IT IS ORDERED:

1. That Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, In the Alternative, to Transfer to the District of Wyoming, Doc. 4, is denied.

2. That Plaintiff's Motion to Remand to State Court, Doc. 7, is denied.

3. That Plaintiff's Motion to Hold in Abeyance , Doc. 9, is denied as moot.

4. That Defendant's Motion to Stay Ruling on Motion to Remand and to Allow Defendant to Conduct Jurisdictional Discovery, Doc. 13, is denied as moot.

5. That Defendant shall file an Answer.

6. That the parties shall then meet to see if agreement can be reached on a schedule to be suggested to the Court. If the parties cannot agree on a proposed schedule, then each should submit their own proposal to the Court. The Court will then enter a schedule for the case.

Dated this 10th day of February, 2016.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY

2